IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| JACK NEELY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 420-206 |
| ) | |
| JOEL FOBES, Tybee Island Interim ) | |
| Police Chief, in his official capacity; ) | |
| CHRISTOPHER WHITE, Tybee Island ) | |
| Police Officer, in his individual capacity; and ) | |
| ANTHONY ERRATO, Former Tybee Island ) | |
| Police Officer, in his individual capacity, ) | |
| ) | |
| Defendants. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Because Plaintiff has failed to prosecute this case and abandoned it, the Court **REPORTS** and **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED**, (doc. no. 32), this civil action be **DISMISSED** with prejudice, and an appropriate judgment of dismissal be **ENTERED**.

**I.     BACKGROUND**

The Court granted the motion by Plaintiff's counsel to withdraw on February 9, 2021, staying all deadlines for thirty days to give Plaintiff time to find substitute counsel. (Doc. no. 24.) On March 31, 2021, Defendants moved to extend the stay thirty days because Plaintiff "verbally informed Counsel for Defendants that he intends to dismiss the case." (Doc. no. 25, p. 1.) Defense counsel reported he provided a draft dismissal to Plaintiff, and Plaintiff failed to respond to the draft or three telephone calls. (Id. at 2.) Accordingly, the Court scheduled a telephonic status conference for April 16, 2021, and notified Plaintiff of the

conference by U.S. mail on April 8, 2021.  (Doc. no. 27.)  Plaintiff failed to appear for the conference.  (See doc. no. 28.)  The Court scheduled a second telephonic status conference for May 13, 2021 and cautioned Plaintiff that failure to appear would result in dismissal for abandonment and failure to prosecute.  (Doc. no. 30.)  The Court served notice of the hearing by U.S. mail on April 28, 2021.  Plaintiff failed to appear for the second conference, and Defendants moved to dismiss the case with prejudice.  (Doc. nos. 31-32.)

## II.    DISCUSSION

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record. . . on motion of any party, dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal with prejudice for want of prosecution is appropriate when the Court is faced with "'a clear record of delay or contumacious conduct by the plaintiff.'"  Eades, 298 F. App'x at 863 (quoting McKelvey v. AT&T Technologies, Inc., 789 F.2d 1518, 1520 (11th Cir. 1986)).  Indeed, ". . . dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable."  Id. (quoting Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d

2

1333, 1338 (11th Cir. 2005)).

Plaintiff has abandoned his case by failing to appear for two status conferences despite the Court's warning of the potential consequences, failing to keep the Court apprised of his intentions regarding representation, and failing to reply to defense counsel's inquiries. This is precisely the type of dilatory action and neglect that justifies dismissal with prejudice. Moore v. AdCare Health Sys., Inc., No. 1:15-CV-02263-WSD-RGV, 2016 WL 7974075, at *3 (N.D. Ga. Mar. 30, 2016) (dismissing case with prejudice where plaintiff failed to inform court of intention to retain counsel, respond to defense counsel correspondence, participate in discovery, and attend show cause hearing); Hall v. Crestmark Club, No. 1:07-CV-0715 WSD-JFK, 2008 WL 187517, at *2 (N.D. Ga. Jan. 18, 2008) (dismissing with prejudice where "Plaintiff was warned that failure to comply with . . . court's order[s] could result in the imposition of sanctions, including dismissal of the complaint."); see also Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006) (recognizing dismissal under Rule 41(b) is appropriate where court makes implicit finding lesser sanctions would not suffice).

### III. CONCLUSION

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED**, (doc. no. 32), this civil action be **DISMISSED** with prejudice, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED and RECOMMENDED this 25th day of May, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA